Mr. Jeff C. Harper, City Attorney 201 N. Spring Street P.O. Box 1208 Springdale, AR 72765
Mr. George R. Rhoads Matthews, Campbell, Rhoads, McClure, Thompson Fryauf 119 South Second Street Rogers, AR 72756-4525
Dear Mr. Harper and Mr. Rhoads:
You have each requested, on behalf of your clients, an official Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of a certain record that has been requested under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
As you note in your correspondence, the local newspaper recently requested and obtained access to certain employee evaluation/job performance records relating to two city employees who had recently been suspended. The letter notifying these employees of their suspension made reference to an employee evaluation/job performance record from 2001 that had been considered in arriving at the decision to suspend the employees in 2003. The local newspaper has now requested access to the referenced 2001 employee evaluation/job performance record. The custodian of the records has determined that the requested record should be released. You have provided me with a copy of the record in question.
I am directed by law to issue my opinion as to whether the custodian's determination regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion that the custodian's decision to release the requested record is consistent with the FOIA, provided that as a factual matter, the incidents discussed in the record were considered and did form a basis for the 2003 suspension. If any of the incidents referenced in the record did not, as a factual matter, form a basis for the 2003 suspension, those references should be redacted from the record before it is released.
As you both are aware, the FOIA provides that "employee evaluation/job performance records" are exempt from disclosure to the public unless the following three conditions have been met:
 • There has been a final administrative resolution of any suspension or termination proceeding;
 • The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 • There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
The two employees make two contentions concerning the release of the requested record: (1) The employee evaluation/job performance record that has been requested was related to incidents that occurred in 2001 and that did not end in suspension or termination, and it therefore is not subject to release under the above-cited standard; and (2) Even if is admitted that the incidents discussed in the 2001 record were considered in connection with the 2003 suspension, the facts of those incidents were not discussed and did not form the basis for the 2003 suspension; and (3) There is not a compelling public interest in incidents that occurred a year and a half ago.
It is my opinion that the first and second of these contentions merit consideration. The letter notifying the employees of their suspension in 2003 indicates that the import of the 2001 record is that it reflects incidents which, when considered in conjunction with the 2003 incident, justified the 2003 suspension. I note that the 2001 record makes reference to more than one incident. If, as a factual matter, any of these incidents were considered and formed a basis for the 2003 suspension, those references should be released. However, if, as a factual matter, any of these incidents did not support the 2003 suspension, they cannot be deemed to have formed a basis for the suspension. In that case, the references to those incidents should be redacted from the record before it is released. The question of whether any of the incidents referenced in the 2001 record did, in fact, form a basis for the 2003 suspension is a question of fact that can only be answered in the first instance by the custodian of the records.
It is my opinion that if any of the incidents referenced in the 2001 record did in fact help form a basis for the 2003 suspension, there is a compelling public interest in those references for the same reason that I concluded in Attorney General Opinion No. 2003-072 that there is a compelling public interest in the records that have already been released concerning the suspension. If these incidents were serious enough, when considered as a whole, to lead to the suspension of the employees in question, the fact that some of them occurred in 2001 does not significantly alter the public's interest therein.
To summarize: It is my opinion that the requested record should be released without redacting any references to previous incidents that formed a basis for the 2003 suspension. If any incidents referenced in the record did not form a basis for the 2003 suspension, the reference in the record to those incidents should be redacted before the record is released. Accord, Op. Att'y Gen. No. 2001-152. The question of whether any previous incidents formed a basis for the suspension is a question of fact. Under the circumstances of this case, as explained in Attorney General Opinion No. 2003-072, the public has a compelling interest in any incidents that formed the basis for the suspension of these employees.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General